## Case No. 5,159.

### In re FURBISH.

[2 Hask. 120.] [1]

District Court, D. Maine. Dec., 1876.

Seth M. Carter, pro se.

FOX, District Judge. This is a petition by the assignee in bankruptcy to compound certain demands held by E. S. Coe, as surviving partner of S. R. Bearce & Co., and of

[1] [Reported by Thomas Hawes Haskell, Esq., and here reprinted by permission.]

R. C. Pingree & Co., against the bankrupt's estate, the whole amounting to about $15,000, and also for authority to release any rights in certain collateral securities held by him.

The facts upon which the petition is based, I find to be, substantially, as follows: In July, 1873, [Albert B.] Furbish was a copartner with one Swett, engaged in business as contractors for erection of buildings. The firm entered into an agreement with the Catholic priest at Biddeford to erect in that place a large and expensive church, on a lot of land, the title to which was in the name of Bishop Bacon. This building contract was subsequently modified by a new contract in June, 1874, between Furbish alone and the priest.

Large expenditures were incurred by Swett & Furbish in the erection of this church; but it was not completed by them, and still remains in an unfinished state. The firm of Swett & Furbish was dissolved in 1874, and Furbish secured from Swett an assignment of all his interest in the copartnership affairs, and in October, 1874, Furbish assigned to Coe and R. C. Pingree & Co. his interest in the claims against the priest under their contracts as security for what he owed these parties, they agreeing to account to him for any surplus they might recover beyond their claims.

Writs were instituted against the priest in the name of Swett & Furbish, and of Furbish, in order to enforce an alleged builder's lien on the property, and the proper attachments and returns were made. The building was also attached as the personal property of the priest. These suits were referred to Chief Justice Appleton, who awarded as damages in the suit of Swett & Furbish $18,535; and in that of Furbish $1,089.09, with costs of each suit.

Before these suits were instituted, the Savings Bank in Saco and Biddeford had loaned some $20,000 upon the property, receiving as security a warranty deed of the property from Bishop Bacon; but giving him a writing at the same time, not under seal, to reconvey the estate on being paid its advances and interest. It is understood that the interest has been punctually paid. This loan was made, to aid in construction of the building, with the assent of Furbish, and he received the full amount. Bishop Bacon did not in any way render himself personally accountable for the amount of the loan. After his decease and the appointment of his successor, Bishop Healey, various interviews took place between him and Furbish relative to this church, and also some correspondence; and it is claimed that Bishop Healey became personally accountable to Furbish for the payment of the awards of Chief Justice Appleton, which is strenuously denied by the bishop.

The priest is understood to be entirely without means; and the only hope of payment of these awards is either by an enforcement of the statutory lien on the building, and by sustaining it as against the mortgage to the bank, or by collecting the same from Bishop Healey. Claiming to act in behalf of the parish at Biddeford, Bishop Healey is ready to aid in accomplishing an adjustment of the awards at a considerable discount, if the parties can be authorized to do so, which is the purpose of the present petition; and it is suggested that the court, in consideration of a nominal sum, should authorize the assignee to release to Coe, and Pingree & Co. all claim to any interest in the judgments recovered against the priest, and permit them to make any settlement they see fit.

It does not appear to me that the court ought to sanction such an arrangement, and for the reason that the estate in bankruptcy will derive no benefit therefrom. As these parties now stand upon their assignment, they are bound to enforce their claims against the priest, and account to the assignee in bankruptcy for any surplus they may obtain beyond their demands against Furbish. If the whole of the judgments should be collected there would be more than $5,000 coming to the estate in bankruptcy for the benefit of creditors. Whether this full amount will be realized is subject to the uncertainties of litigation; and it may well be conceded that the claims as presented before me are involved in more than the ordinary perplexities of legal contingencies, so that the court can not see with absolute certainty that a successful issue will be the result.

The rights of both parties are each subject to this uncertainty, and the object of this petition is to avoid it by a compromise to be affected with the priest or Bishop Healey, by which a very considerable amount will be realized. It is for the common benefit of both parties thus to adjust these claims, provided the assignee's rights are duly regarded; and being so, it would seem that loss, which must result from this settlement, should be at the joint expense and burden of all interested, and should be borne in the same ratio by them that they would have divided the gain, if the whole of the judgments were to be eventually collected by legal proceedings for that purpose; otherwise, the advantage from this adjustment and compromise is wholly one-sided. Coe, and Pingree & Co. get all, surrender nothing, and the assignee utterly relinquishes, without any return, the chance which he now has of securing $5,000 if the demands can be collected.

It is asking altogether too much to require the assignee to surrender this possibility without an equivalent; and in the opinion of the court, Coe, and Pingree & Co., to secure adjustment and compromise, without rendering themselves responsible to the assignee, ought, and can well afford to make

a fair division with him of whatever sum they may choose to accept in satisfaction of the judgment against the priest. The court, therefore, will sanction any adjustment by which these judgments will be discharged, upon a compromise, provided Coe, and Pingree & Co. enter into an agreement with the assignee that the amount received by them on such compromise shall be divided and apportioned between the assignee and Coe, and Pingree & Co. pro rata, according to their present respective interests in said judgments, in the same ratio they would be entitled to the whole amount of the judgments if they had been fully paid, less the cost of obtaining the same. If this is not acceptable to Coe, and Pingree & Co., this petition is denied, and each party will stand upon their respective legal rights under the assignment.